**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **CHARLESWORTH NICHOLAS,** | |
| Plaintiff, | 1:05-cv-00119 |
| v. | |
| **GRAPETREE SHORES, INC., d/b/a DIVI CARINA BAY RESORTS and ELLEN HENRY as EXECUTOR/ADMINISTRATOR of the ESTATE of PATRICK HENRY,** | |
| Defendants. | |

**TO:**   Lee J. Rohn, Esq.
         Charles E. Engeman, Esq.

### ORDER

THIS MATTER is before the Court upon Plaintiff's Motion to Place Document 204 Under Seal (ECF No. 205).  Defendants filed an opposition to the said motion.  The time for filing a reply has expired.

It is well established that "there exists . . . a common law public right of access to judicial proceedings and records."  *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted).  At the same time, the "'right is not absolute.' . . . The presumption of public access may be rebutted."  *Id.* at 194 (citations omitted).  The *Cendant* court continues:

> In order to override the common law right of access, the party seeking the closure of a hearing or the sealing of part of the judicial record "bears the burden of showing that the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller,* 16 F.3d at 551 (citing *Publicker,* 733 F.2d at 1071). In delineating the injury to be prevented, specificity is essential. *See Publicker,* 733 F.2d at 1071. Broad allegations of harm, bereft of

*Nicholas v. Grapetree Shores, Inc.*
1:05-cv-00119
Order
Page 2

>specific examples or articulated reasoning, are insufficient. As is often the case when there are conflicting interests, a balancing process is contemplated. "[T]he strong common law presumption of access must be balanced against the factors militating against access. The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption." *Leucadia,* 998 F.2d at 165 (quoting *Bank of Am. Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assoc.,* 800 F.2d 339, 344 (3d Cir.1986)).

*Id.* Thus, the Court must weigh any "serious injury" alleged by Plaintiff against the public interest in access to judicial records.

In the matter at bar, in support of the motion, Plaintiff states,

>The information potentially contained in the document at issue presents detailed confidential and proprietary information about how [sic] the office's perceived general financial condition and how electronic files are kept and made available to contractors. It also contains highly inflammatory and potentially prejudicial information concerning Attorney Rohn's activities within and outside of the firm. . . . Releasing those musings to the public serves absolutely no public interest but rather is intended to embarrass Rohn and Associates and foment continued melee and ill will toward the firm.

Mot. at 4.

While embarrassment can be sufficient grounds to establish good cause for a protective order, one "seeking a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious." *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986).[1]

Upon review of the motion and opposition and upon due consideration thereof, the Court finds that the information contained in the document is not the kind of information

---

[1] The standards for sealing court records and issuing protective orders are similar. *See, e.g., Glenmede Trust Co. v. Thompson,* 56 F.3d 476 (3d Cir. 1995).

*Nicholas v. Grapetree Shores, Inc.*
1:05-cv-00119
Order
Page 3

that courts usually protect. It is not proprietary to a party and is not information protected by the attorney-client privilege or the attorney-work product doctrine. Moreover, the Court finds that the injury alleged by Plaintiff barely meets the "clearly defined" standard, but fails to meet the "serious" standard. In sum, the Court finds that counsel for Plaintiff's interest in secrecy does not outweigh the presumption of access.

Based upon the foregoing, it is now hereby **ORDERED** that Plaintiff's Motion to Place Document 204 Under Seal (ECF No. 205) is **DENIED**.

ENTER:

Dated: July 26, 2012                                    /s/ George W. Cannon, Jr.
                                                        GEORGE W. CANNON, JR.
                                                        MAGISTRATE JUDGE