NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

Charlesworth NICHOLAS,

    Plaintiff,

v.

GRAPETREE SHORES, INC. d/b/a DIVI
CARINA BAY RESORTS, et al.,

    Defendants.

Civ. No. 05-119

OPINION

THOMPSON, U.S.D.J.

## I. INTRODUCTION

These matters have come before the Court upon the Appeal from and Objections to the Magistrate Judge's July 31, 2012 Order filed by Lee Rohn ("Rohn"), counsel for Plaintiff Charlesworth Nicholas ("Plaintiff"), (Docket Entry No. 224), and the Emergency Motion Directed to District Court to Stay Magistrate Judge's July 31, 2012 Order and November 14, 2012 Order Denying Stay filed by Rohn. (Docket Entry No. 245). Defendants Grapetree Shores, Inc. d/b/a Divi Carina Resorts and Patrick Henry (collectively, "Defendants") oppose the appeal, (Docket Entry No. 234), and the motion to stay. (Docket Entry No. 248). The Court has decided these matters upon consideration of the parties' written submissions and without oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons given below, Rohn's appeal and motion to stay are denied.

1

## II. BACKGROUND

These matters arise out of a dispute concerning whether Rohn must be disqualified from representing Plaintiff in this defamation and breach of contract case.

### A. Initiation of Lawsuit

In July 2005, Plaintiff initiated this lawsuit in the Superior Court of the Virgin Islands and it was removed to federal court on August 17, 2005. (Docket Entry No. 1). On December 6, 2010, Plaintiff filed an amended complaint, bringing claims against Defendants for breach of contract, defamation, and intentional infliction of emotional distress. (Docket Entry No. 60). A second amended complaint ("Second Amended Complaint") was filed on January 28, 2011. (Sec. Am. Compl., Docket Entry No. 68). Only Plaintiff's defamation and breach of contract claims survived Defendants' motion to dismiss. (Docket Entry No. 82).

### B. Plaintiff's Allegations

Plaintiff is a former employee of Defendant Grapetree Shores, Inc. ("Grapetree") and is the acting president of the Virgin Islands Workers Union. (*See* Sec. Am. Compl., Docket Entry No. 68 at ¶ 12). According to the Second Amended Complaint, at the time, Plaintiff was attempting to unionize Defendants' employees despite Defendants' resistance to unionization. (*Id.* at ¶¶ 5-6). According to Plaintiff, on June 22, 2005, Defendants held a meeting with their employees. (*Id.* at ¶ 9). At this meeting, Patrick Henry ("Henry"), an employee of Grapetree, allegedly accused Plaintiff of stealing money from the union, claimed Plaintiff only seeks a union for the employees in order to steal the employees' union dues, accused Plaintiff of being a former disgruntled employee seeking revenge against the hotel, claimed to have a file of information documenting Plaintiff's bad acts, inferred that a number of those bad acts were criminal, and claimed that Plaintiff was indebted to a number of people. (*Id.*). Plaintiff claims

2

that these statements were made before nearly all of Grapetree's employees in retaliation for Plaintiff's prior litigation and union organizing work. (*Id.* at ¶ 10).

According to Plaintiff, the speech made by Henry violated a settlement agreement entered into by Plaintiff and Grapetree approximately two and a half years earlier. (*Id.* at ¶ 13). The December 2003 agreement required Divi to "treat [Plaintiff's] separation from employment as a voluntary resignation and . . . remove the documentation concerning termination from his personnel file." (*Id.* at ¶ 12).

### C. Motion to Disqualify Rohn & Associates

The matters presently before the Court arise out of Defendants' attempt to disqualify Lee Rohn and Associates, LLC ("Rohn & Associates") from the instant litigation. On January 31, 2012, Defendants filed a motion to disqualify Rohn & Associates. (Docket Entry No. 156). Defendants argue that disqualification is necessary because Rohn & Associates employed Talib Ellison ("Ellison"), an attorney who previously worked on two other cases for Defendants' counsel, Ogletree, Deakins, Nash, Smoak & Stewart ("Ogletree"), that Defendants argue are substantially similar to this case. (*See* Docket Entry No. 157). Plaintiff denied that there was a conflict of interest, arguing that the matters Ellison worked on for Ogletree are not substantially similar to this case and Ellison never worked on this case for Rohn & Associates. (Docket Entry No. 195).

In anticipation of a hearing on the motion to disqualify, a subpoena *duces tecum* was issued that required attorney Lee Rohn ("Rohn") to produce certain documents concerning Ellison's employment. (*See* Docket Entry No. 177). Specifically, the subpoena sought:

1. All communications with Talib Ellison concerning his employment with ROHN, his job assignments with ROHN, the terms of his employment with ROHN, including any modifications thereto, or the termination of his employment with ROHN, or;
2. All billing records submitted by Talib Ellison to ROHN;

3. All documents concerning any and all remuneration paid by ROHN to Mr. Ellison, including copies of his pay stubs or checks;
4. A list of all matters he worked on or discussed with anyone at ROHN before, during or after his association with ROHN;
5. All documents evidencing the actions taken by ROHN to screen Mr. Ellison from any matter, including copies of any correspondence or documentation sent to any employee or contractor of ROHN relating or referring to any alleged screening;
6. All drafts of affidavits, declarations or statements provided to or submitted by any person including without limitation persons not identified in oppositions to the motions to disqualify relating in any way to the motions to disqualify, including all documents showing changes to text;
7. A privilege log listing all correspondence or documents responsive to the aforementioned requests for which Attorney Rohn asserts a claim of privilege.

(Docket Entry No. 201, Attach. 2).

The hearing on the motion was conducted on April 4, 5, and 9. (*See* Docket Entry Nos. 191, 192, 193). Rohn produced a number of the requested documents at the hearing but, in a document filed with the Court that same day, objected to producing others. (*See* Docket Entry Nos. 177, 178). Specifically, Rohn objected to providing Ellison's confidential financial records. (Docket Entry No. 177). Rohn also stated at the hearing that she had not produced all documents responsive to the subpoena. (Docket Entry No. 192 at 7:2-17).

At the hearing, counsel for Defendants moved "orally to enforce the subpoena and to get the documents that have not been produced responsive to the subpoena . . . ." (Docket Entry No. 192 at 5:3-5). Following argument on the subject, the Magistrate Judge stated: "I would ask Attorney Rohn to contact her office and try to get whatever she can that she has been unable to get, brought to you as soon as she's able to." (*Id.* at 12:4-6). The Magistrate Judge reserved ruling on whatever is not provided and stated that he would allow the parties to address that at the end of the hearing. (*Id.* at 12:8-10). Rohn indicated that she would comply with the Magistrate Judge's order. (*Id.* at 12:14-17).

4

At the end of the hearing, the Magistrate Judge directed the parties to submit closing briefs by April 30, 2012. (Docket Entry No. 193 at 19:24-20:4). On April 26, 2012, counsel for Defendants contacted Rohn via email to inform her that Defendants still had not received the outstanding documents responsive to the subpoena. (Docket Entry No. 201, Attach. 5, Ex. 5). Counsel for Defendants contacted Rohn again on April 27, 2012 and May 10, 2012 with additional requests for the outstanding documents. (*Id.* Ex. 6). Rohn did not produce any additional documents and, after an extension was granted, closing briefs were filed by both parties on May 16, 2012. (*See* Docket Entry Nos. 188, 195, 196).

On May 22, 2012, Defendants filed a Motion to Compel Rohn to Comply Fully with Subpoenas Dues Tecum. (Docket Entry No. 199). On July 31, 2012, the Court issued an order ("July 31 Order") granting Defendants' motion to compel Rohn to comply fully with the subpoena *duces tecum*. (Docket Entry No. 223). Specifically, the July 31 order directed Rohn to "comply fully with the subpoena *duces tecum* issued on March 28, 2012, and produce all responsive documents to counsel for Defendants on or before August 10, 2012." (*Id.*).

On August 8, 2012, Rohn filed the instant appeal of the Magistrate Judge's July 31 Order. (Docket Entry No. 224). That same day, Rohn also filed an Emergency Motion to Stay Magistrate Judge's July 31, 2012 Order Pending Appeal, (Docket Entry No. 225), that was denied by the Magistrate Judge on November 14, 2012. (Docket Entry No. 243). The following day, Rohn filed an Emergency Motion Directed to District Court to Stay Magistrate Judge's July 31, 2012 Order and November 14, 2012 Order Denying Stay. (Docket Entry No. 245).

In a telephone conference held on February 15, 2013, counsel for Defendants represented to the Court that the documents they seek from Rohn include: (1) documents concerning screen mechanisms, the dates in which screening mechanisms were implemented, and conflicts of

interest; (2) emails concerning Ellison's access to computer files; (3) documents concerning Ellison's offer of employment, withdrawal of employment, and terms of employment, including tax records; (4) billing records; (5) documents related to the cases to which Ellison was assigned; and (6) documents concerning whether Ellison was treated as an employee or a contractor.

### III. LEGAL STANDARD

In reviewing a magistrate judge decision on a non-dispositive matter, the moving party bears the burden of demonstrating that the decision is "clearly erroneous or contrary to law." *See* FED. R. CIV. P. 72(a). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Haines v. Liggett*, 975 F.2d 81, 92 (3d Cir. 1992) (citing *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[A] ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *State Nat'l. Ins. Co. v. Cnty. of Camden*, 2012 WL 960431, *1 (D.N.J. March 21, 2012) (citing *Gunter*, 32 F. Supp. 2d at 164). A magistrate judge's legal conclusions will be reviewed *de novo*. *Haines*, 975 F.2d at 92.

### IV. ANALYSIS

Rohn argues that the July 31 Order is clearly erroneous and contrary to law. Specifically, she argues that Defendants' motion to compel compliance with the subpoena is untimely and the subpoena is now moot. (Docket Entry No. 224 at 11-16). First, Rohn argues that, to the extent the subpoena is a Rule 26(b) subpoena for discovery purposes, it is improper as Defendants were required to first obtain leave of court because the discovery matter sought is not relevant to any party's claim or defense. (*Id.* at 11-12). Second, Rohn contends that if the subpoena is treated as a Rule 45 "trial or hearing" subpoena, it became moot at the conclusion of the hearing. (*Id.* at 12-13).

These arguments were not presented to the magistrate judge for decision as they were raised for the first time in Rohn's appeal of the magistrate decision.[1] A litigant who does not raise an issue before the Magistrate Judge but raises it in his objections to the Magistrate Judge's findings is deemed to have waived the issues. *Bell v. City of Harrisburg*, 457 Fed. Appx. 164, 167 (3d Cir. Jan. 6, 2012); *Anderson v. Dow Chem., Co.*, 2007 WL 6027818, at *4 n.1 (D.V.I. Oct. 3, 2007); *Nyfield v. Virgin Islands Tel. Co.*, 2002 WL 169321, at *2 (D.V.I. Jan. 29, 2002). Therefore, the Court need not consider whether Defendants were obligated to obtain leave of court or whether the subpoena became moot at the conclusion of the hearing.

Next, Rohn argues that the Magistrate Judge's conclusion that the documents sought by Defendants are relevant to the dispute is clearly erroneous and contrary to law. (Docket Entry No. 224 at 16-19). The Court cannot say, however, that the Magistrate Judge erred in concluding that the documents sought are relevant to the issues of when Ellison was employed by Rohn & Associates, the number of hours Ellison worked on matters for the firm, as well as the procedures used to screen Ellison during his employment with Rohn & Associates. Although the subpoena the Defendants issued to Rohn is confusingly broad,[2] the Court cannot say that the July 31 Order was clearly erroneous or contrary to law.

While the Magistrate Judge's July 31 Order is not clearly erroneous or contrary to law, the Court notes the problematic manner in which this issue arose. At the April hearing, defense

---

[1] In Rohn's brief submitted to the Magistrate Judge in opposition to the underlying Motion to Compel Rohn to Comply Fully with Subpoenas *Duces Tecum*, she argued that (1) she was not given adequate time to respond to the subpoena; and (2) she fully responded to the subpoena within the time provided. (*See* Docket Entry No. 214).

[2] The breadth of the subpoena is particularly apparent in the fourth and sixth entries of the subpoena. For example, Defendants' request for "[a]ll drafts of affidavits, declarations or statements provided to or submitted by any person including without limitation persons not identified in oppositions to the motions to disqualify relating in any way to the motions to disqualify, including all documents showing changes to text," is exceedingly broad and confusing. (Docket Entry No. 201, Attach. 2).

7

counsel did not explain which outstanding documents he sought from Rohn, an issue obscured further by defense counsel's apparent acceptance of testimony by Ellison in lieu of the production of some documents. To complicate matters further, at the hearing, Rohn did not move to quash the subpoena or otherwise raise an objection to producing any outstanding documents. Instead, she represented to the Magistrate Judge that she would produce those documents. Additionally, Defense counsel did not seek to continue the hearing until such documents were produced and reviewed. It appears that such a hearing is warranted in order to determine what items exist and can be produced.

Finally, the Court is sensitive to the unique structure that Rohn & Associates employs in hiring contract attorneys to work remotely – outside of the office – on a limited number of cases. This system, used in a relatively finite legal market where the potential for conflicts of interests is great, may have further confused the rights and obligations of the attorneys related to this alleged conflict of interest. Despite the nature in which this issue arose, the Court cannot say that the Magistrate Judge's July 31 Order is clearly erroneous or contrary to law.

Finally, as Rohn's Appeal is denied, the Emergency Motion Directed to District Court to Stay Magistrate Judge's July 31, 2012 Order and November 14, 2012 Order Denying Stay, (Docket Entry No. 245), is moot.

## V. CONCLUSION

For the foregoing reasons, Rohn's Appeal from and Objections to the Magistrate Judge's July 31, 2012 Order filed by Plaintiff Charlesworth Nicholas is denied, and Rohn's Emergency Motion Directed to District Court to Stay Magistrate Judge's July 31, 2012 Order and November 14, 2012 Order Denying Stay is also denied. An appropriate order will follow.

_____
ANNE E. THOMPSON, U.S.D.J.

Date: 2/21/13